J-S19027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN MITCHELL | : | |
| | : | |
| Appellant | : | No. 2471 EDA 2017 |

Appeal from the PCRA Order July 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0802931-1999

BEFORE:    SHOGAN, J., NICHOLS, J., and PLATT, J[*]

MEMORANDUM BY NICHOLS, J.:                         **FILED MAY 03, 2018**

Appellant Kevin Mitchell appeals *pro se* from the order dismissing as untimely his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant, who was twenty-one years old when he committed the underlying offenses, claims that he properly raised the newly-recognized constitutional right exception under 42 Pa.C.S. § 9545(b)(1)(iii) based on ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).  We affirm.

We previously set forth the facts of this case as follows:

> On June 7, 2000, a jury found [A]ppellant guilty of first degree murder, possession of an instrument of crime, and a violation of the Uniform Firearms Act.[1]    The convictions arose from a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502, 907, and 6106, respectively.

shooting on Judson Street in Philadelphia on April 18, 1999. Appellant was sentenced to life imprisonment for the murder and a consecutive five to ten years' imprisonment for the other convictions. On November 22, 2002, this [C]ourt affirmed the conviction. *See Commonwealth v. Mitchell*, 816 A.2d 332 (Pa. Super. 2002) (unpublished memorandum). No further appeal was taken.

On May 29, 2003, [A]ppellant filed his first PCRA petition *pro se*. . . . On June 25, 2004, the PCRA court issued [a] notice, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.[], of its intention to dismiss the PCRA petition without a hearing. Thereafter, on July 16, 2004, the petition was denied. On March 22, 2006, our [S]upreme [C]ourt denied [the] appeal. *Commonwealth v. Mitchell*, 898 A.2d 1131 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 908 A.2d 540 (Pa. 2006).

On September 26, 2007, [A]ppellant filed [a] PCRA petition *pro se*, his second such petition. Therein, [A]ppellant invoked the after-discovered facts exception . . . .

The PCRA court issued [a] Rule 907 notice that it intended to dismiss the petition without a hearing, and on April 7, 2008, the court dismissed the petition. On November 30, 2009, [A]ppellant filed a third PCRA petition in which he invoked the interference by government officials exception . . . . Therein, he argued that he had not been given proper notice that his second PCRA petition had been dismissed. On November 6, 2013, the PCRA court granted [A]ppellant relief and restored [A]ppellant's appeal rights to his second PCRA petition.

*Commonwealth v. Mitchell*, 3550 EDA 2013, 1-3 (Pa. Super. filed Mar. 3, 2015) (unpublished memorandum). On March 3, 2015, we affirmed the PCRA court's dismissal of Appellant's second PCRA petition. *Id.* at 5. On October 29, 2015, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On March 22, 2016, the PCRA court docketed Appellant's instant PCRA petition, his third. In his petition, Appellant relied on the United States

Supreme Court's decisions in *Miller* and *Montgomery*.[2]  He asserted that he was an adolescent at the time of the crime and thus the trial court's imposition of a sentence of mandatory life imprisonment without parole is unconstitutional and subjects him to a cruel and unusual punishment.  Mot. for Post Conviction Collateral Relief, 3/22/16, at 7.

On March 31, 2017, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's PCRA petition.  The notice indicated that the petition was untimely and that Appellant failed to meet the newly-recognized constitutional right exception recognized in *Miller* as Appellant was over the age of eighteen at the time of the offense.  Notice Pursuant to Pa.R.Crim.P. 907, 3/31/17.  Appellant did not file a response, and on July 5, 2017, the PCRA court dismissed Appellant's petition as untimely.  PCRA Ct. Order, 7/5/17.

On July 25, 2017, Appellant's notice of appeal was docketed.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.  On August 7, 2017, however, the court filed an opinion reiterating that Appellant did not qualify for relief under *Miller* because he was over the age of eighteen at the time of the crime.  PCRA Ct. Op., 8/7/17.

_____

[2] In *Miller*, the United States Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed upon defendants who were "under the age of 18 at the time of their crimes." *Miller*, 132 S. Ct. at 2460.  In *Montgomery*, which was decided on January 25, 2016, and modified on January 27, 2016, the Supreme Court held that the *Miller* decision applied retroactively to cases on state collateral review. *Montgomery*, 136 S. Ct. at 736.  Appellant filed the instant petition within sixty days of *Montgomery*.

Appellant raises the following issues on appeal:

1. The PCRA court erred in dismissing Appellant's PCRA petition as untimely, pursuant to 42 [Pa.C.S.] § 9545(b).

2. Since the Appellant was an adolescent at the time of the alleged murder, the automatic life sentence without the possibility of parole, that he was given, without a mitigating hearing is unconstitutional and void *ab initio* and is subjecting the [A]ppellant to cruel and unusual punishment and violative of the Equal Protection Clause.

3. Not applying the decision in ***Miller v. Alabama*** and ***Montgomery v. Louisiana***, to the [A]ppellant, violates the [A]ppellant's Equal Protection Right[]s.

4. Sentencing the Appellant to the automatic mandatory life sentence without the possibility of parole, without a mitigating hearing that takes into account the [A]ppellant's age and other contributing factors violates the [A]ppellant's due process rights.

Appellant's Brief at 4 (some capitalization omitted).

Because all of Appellant's issues on appeal relate to his claim that he meets the newly-recognized constitutional right exception based on ***Miller*** and ***Montgomery***, we discuss them together. Appellant admits that he was twenty-one at the time of the crime. Appellant's Brief at 13. However, he argues that the holding in ***Miller*** should not apply only to those under the age of eighteen, but to all "adolescents," including those through the age of twenty-one. ***Id.*** at 13-19. He cites to several studies in support of his contention that the brain is not fully developed until the age of twenty-five, and that a punishment of life imprisonment without the possibility of parole would be considered cruel and unusual. ***Id.*** As an example, Appellant points

out that "[i]n Pennsylvania, the legislature looks at all people under 21 as [j]uveniles." *Id.* at 19.  Appellant further argues that applying the holding in *Miller* only to those under the age of eighteen is a violation of the Equal Protection Clause.  *Id.* at 20-22.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted).  A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).  A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).[3]

It is well settled that in order to establish an exception to the PCRA time bar under section 9545(b)(1)(iii), the petitioner must establish: (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania;]" and (2) "the right has been held by that court to apply retroactively." **Commonwealth v. Leggett**, 16 A.3d 1144, 1147 (Pa. Super. 2011) (citation omitted). The asserted right must be recognized at the time the petition was filed. **Id.**

There is no dispute here that Appellant's conviction became final in 2002, and that Appellant's current PCRA petition was facially untimely. Because Appellant failed to file the instant PCRA petition within one year after his judgment of sentence became final, he must satisfy one of the exceptions to the PCRA time bar.

Here, Appellant was twenty-one years old at the time he committed the murder for which he was convicted. We have held that prohibition of

---

[3] Moreover, to invoke one of these exceptions, petitioner must also file his petition within sixty days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2).

mandatory life-without-parole sentences under *Miller* does not establish a newly-recognized constitutional right for petitioners who were eighteen years or older at the time of the offense. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (reaffirming *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013), and stating that petitioners who were eighteen or older "at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception").

Similarly, Appellant's argument that his brain was not fully developed at the time of his crimes has been previously rejected by this Court for the purposes of establishing a PCRA time-bar exception under section 9545(b)(1)(iii). *See Furgess*, 149 A.3d at 94 (citing *Cintora*, 69 A.3d at 764 for the proposition that a "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)").

Accordingly, because Appellant was twenty-one years old at the time of the offenses, *Miller* does not apply, and Appellant has failed to satisfy the newly-recognized constitutional right exception to the PCRA time bar. *See Furgess*, 149 A.3d at 94. Therefore, the PCRA court did not err in dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/18